DOA
6-15-22

FILED17MAY '22 15:40USDC-ORP

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

### PORTLAND DIVISION    Az. no. 22-3182 MJ

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-cr-184-S1 |
| **v.** | **INDICTMENT** |
| **MICHAEL JAMES DEFREES,** | **18 U.S.C. §§ 1343, 1344, 1957 and Forfeiture Allegations** |
| **Defendant.** | **UNDER SEAL** |

### THE GRAND JURY CHARGES:

### INTRODUCTORY ALLEGATIONS

At all times relevant to this indictment:

1.      **MICHAEL JAMES DEFREES ("DEFREES"),** defendant herein, was a resident of Portland, Oregon.  He was serving or had recently discharged a term of probation as a result of his felony conviction for falsifying records in a bankruptcy, in violation of Title 18, United States Code, Section 1519.  Specifically, **DEFREES** was convicted of that offense in United States District Court for the Western District of Washington case number 3:16C0547RBL-001 on June 22, 2017.  He was sentenced on that date to serve three years' probation and to pay restitution of approximately $1.7 million.  On or about June 17, 2020, the United States District Court for the District of Oregon extended **DEFREES**'s probation for six months, to conclude on December 22, 2020, in case number 3:17-CR-00318-MO.

**Indictment**                                                                                          **Page 1**

SCANNED

2. Gateway National Corporation ("Gateway") was a construction business incorporated in the State of Washington with its principal place of business in Vancouver, Washington. According to Gateway's Annual Report with Changes filed with Washington's Secretary of State on July 9, 2020, **DEFREES** was the company's president.

3. Yacht Harbor LLC ("Yacht Harbor") was a real estate development company incorporated in the State of Oregon with a principal place of business in Portland, Oregon. According to Yacht Harbor's Amended Annual Report filed with Oregon's Secretary of State on December 28, 2020, **DEFREES** was the company's manager.

4. Riverview Community Bank was a federally insured financial institution headquartered in Vancouver, Washington.

5. Columbia State Bank was a federally insured financial institution headquartered in Tacoma, Washington.

### COVID Disaster-Relief Loans

6. The Economic Injury Disaster Loan ("EIDL") program was a Small Business Administration ("SBA") program that provides low-interest financing to small businesses, renters, and homeowners affected by declared disasters.

7. On March 27, 2020, President Trump signed the Coronavirus Aid, Relief, and Economic Security (CARES) Act into law. That statute, along with the Coronavirus Preparedness and Response Supplemental Appropriations Act, authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, the CARES Act authorized the SBA to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL.

**Indictment**                                                                                          **Page 2**

The amount of any advance was determined by the number of employees on the borrower's payroll. The advances did not have to be repaid.

8.      The CARES Act also created the Paycheck Protection Program ("PPP"), which authorized the SBA to guarantee loans of up to $10,000,000 to qualifying employers without collateral or personal guarantees from the borrowers.  The Act required lenders making loans under the PPP to defer all repayment obligations for not less than six months on such loans and required borrowers to certify, among other things, that the borrowed "funds [would] be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments."

9.      In order to obtain an EIDL or a PPP loan, an applicant was required to provide information about the subject business's operations, such as the date of opening, number of employees, and past revenues.  The applicant was also required to certify that he or she had not suffered any disqualifying criminal convictions and that all the information in the application was true and correct to the best of the applicant's knowledge.

10.     Applications for EIDLs were submitted to the SBA over the Internet, using cloud-based platforms hosted on computer servers in several states.  Before July 11, 2020, applications bearing numbers that began with the digits 36 were routed to servers in the State of Washington. Beginning on July 11, 2020, all EIDL applications, regardless of number, were routed to servers in the State of Iowa.

11.     PPP loan applications were submitted over the Internet to participating lenders via the SBA's computer servers.  PPP loan applications submitted after January 11, 2021, were routed through servers located in the State of Oregon.

**Indictment**                                                                              **Page 3**

## COUNTS 1-2
### (Wire Fraud)
### (18 U.S.C. § 1343)

12.     The allegations in paragraphs 1 through 11 of this Indictment are incorporated as though realleged herein.

**THE SCHEME**

13.     From not later than April 2, 2020, and continuing through at least April 4, 2022, defendant **DEFREES** devised and intended to devise a material scheme to defraud the SBA and various financial institutions and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

14.     Specifically, **DEFREES** applied for and obtained EIDLs and PPP loans for Gateway and Yacht Harbor using false borrower information with the intent to steal and to convert the proceeds of those loans to his personal use and without any intent to use the proceeds thereof for any authorized purpose.

**MANNER AND MEANS**

It was part of this scheme that:

15.     On or about April 2, 2020, **DEFREES** applied for an EIDL and advance for Gateway by submitting application number 3600526951 to the SBA from an Internet Protocol ("IP") address in Portland, Oregon.  **DEFREES** indicated on the application that he was the 100% owner of Gateway and answered "No" to the following question: "For any criminal offense—other than a minor vehicle violation—have you ever been convicted, plead[ed] guilty, . . . or been placed on any form of parole or probation?".  **DEFREES** knew that certification to be false.  Based on that and related misrepresentations in the application materials

**Indictment**                                                                                      **Page 4**

about **DEFREES**'s criminal history, the SBA granted the application and funded a $4,000

advance to Gateway on or about April 25, 2020. The SBA then funded EIDL number 91686278-

03 in the amount of $150,000, less a $100 application fee, on or about June 11, 2020. The SBA

transmitted both sums by wire to Gateway's account number XXXXXXX3584 at Riverview

Community Bank.

16.   **DEFREES** sought to increase the amount of the above-described EIDL on three

separate occasions. On or about April 26, 2021, **DEFREES** made his first request for an

additional $350,000. The SBA eventually approved the request and wired that amount to

Riverview Community Bank on or about October 17, 2021, but the bank returned the deposit

because the recipient account had been closed. **DEFREES** signed for another $350,000 increase

on or about December 21, 2021, directing the funds to a different account. The SBA also

granted that request and successfully transmitted the funds the same day. Finally, on or about

March 30, 2022, **DEFREES** submitted a proposal for a further $500,000 enlargement of the

loan. In support of that proposal, he submitted an SBA Form 4506-T on or about April 4, 2022.

SBA rejected that proposal.

17.   **DEFREES** also applied for at least two PPP loans on behalf of Gateway. On or

about April 3, 2020, he submitted the first application, number 12813624, to Riverview

Community Bank. In that application, **DEFREES** indicated that he was Gateway's 100% owner

but answered "No" to the following question: "Is the Applicant (if an individual) or any

individual owning 20% or more of the equity of the Applicant subject to an indictment, criminal

information, arraignment, or other means by which formal criminal charges are brought in any

jurisdiction, or presently incarcerated, or on probation or parole?" He also answered "No" to this

**Indictment**                                                                                     **Page 5**

question: "Within the last 5 years, for any felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) Pleaded nolo contendere; 4) been placed on pretrial diversion; or 5) been placed on any form of parole or probation (including probation before judgement)?" **DEFREES** knew both answers were false. Based in part on these misrepresentations, Riverview Community Bank approved and funded PPP loan number 51768671-10 in the amount of $103,340.

18. On or about January 27, 2021, **DEFREES** submitted PPP loan application number 26188551 to Columbia State Bank. In that application, **DEFREES** indicated that he was Gateway's 100% owner but answered "No" to the following question: "Within the last 5 years, for any felony involving fraud, bribery, embezzlement, or a false statement in a loan application or an application for federal financial assistance, or within the last year, for any other felony, has the Applicant (if an individual) or any owner of the Applicant 1) been convicted; 2) pleaded guilty; 3) pleaded nolo contendere; or 4) commenced any form of parole or probation (including probation before judgment)?" **DEFREES** knew that answer to be false. Based in part on that misrepresentation, Columbia State Bank approved and funded PPP loan number 56046185-01 in the amount of $103,335.

19. **DEFREES** submitted a similarly false EIDL application on behalf of Yacht Harbor. On or about January 6, 2021, he submitted EIDL application number 3316139849 to the SBA from a Portland, Oregon, IP address. That application indicated that **DEFREES** was the 100% owner of Yacht Harbor. He answered "No." in response to the following question: "Within the last five years, for any felony, have you ever been convicted, plead[ed] guilty, . . . or been placed on any form of parole or probation?". **DEFREES** knew that certification was false.

**Indictment**                                                                 **Page 6**

Based on that and related misrepresentations in the application materials about **DEFREES**'s criminal history, the SBA granted the application and funded EIDL number 35187391-00 in the amount of $500,000 on or about March 11, 2022. The SBA transmitted the loan proceeds by wire to an account designated by **DEFREES** at Bank of America.

20.     Between June 11, 2020, and March 11, 2022, **DEFREES** fraudulently obtained EIDLs, PPP loans, and an EIDL advance totaling approximately $1,210,675.

### WIRE FRAUD

21.     On or about the dates set forth below in each Count, in the District of Oregon and elsewhere, defendant **MICHAEL JAMES DEFREES**, for purposes of attempting to execute and executing the above-described material scheme to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly caused the following communications via interstate wire:

| Count No. | Date | Interstate Transmission |
|---|---|---|
| 1 | April 2, 2020 | EIDL Application No. 3600526951, from State of Oregon to SBA servers in State of Washington. |
| 2 | January 6, 2021 | EIDL Application No. 3316139849, from State of Oregon to SBA servers in State of Iowa. |

All in violation of Title 18, United States Code, Section 1343.

### COUNT 3
### (Bank Fraud)
### (18 U.S.C. § 1344)

22.     Paragraphs 1 through 11, 17, and 18 of this Indictment are incorporated as though realleged herein.

/ / /

**Indictment**                                                                                    **Page 7**

**THE SCHEME**

23.    From not later than April 3, 2020, and continuing at least through January 27, 2021, defendant **DEFREES** devised and intended to devise a material scheme to obtain funds under the custody or control of various financial institutions by means of materially false and fraudulent pretenses and representations.

24.    Specifically, **DEFREES** applied for and obtained PPP loans totaling at least $206,675 by making materially false representations about his criminal history.

**BANK FRAUD**

25.    On or about January 27, 2021, in the District of Oregon and elsewhere, defendant **MICHAEL JAMES DEFREES** did execute said scheme or artifice to obtain funds under the custody or control of Columbia State Bank, a federally insured financial institution, by means of materially fraudulent pretenses and representations, in that defendant applied for and obtained a PPP loan of $103,335 from Columbia State Bank while knowingly and willfully misrepresenting his own criminal history.

All in violation of Title 18, United States Code, Section 1344(2).

**COUNT 4**
**(Money Laundering)**
**(18 U.S.C. § 1957)**

26.    Paragraphs 1 through 11, and 15 of this Indictment are incorporated as though realleged herein.

27.    On or about June 15, 2020, in the District of Oregon and elsewhere, defendant **MICHAEL JAMES DEFREES** did knowingly engage and attempt to engage in a monetary transaction by, through, or to a financial institution, affecting interstate or foreign commerce, in

Indictment                                                                                      Page 8

criminally derived property of a value greater than $10,000, to wit the transfer of $150,000,

comprising the proceeds of EIDL number 91686278-03, from account number XXXXXXX3584,

in the name of Gateway National Corporation, to account number XXXXXXX2702, in the name

of Dollars Corner LLC, at Riverview Community Bank, such property having been derived from

a specified unlawful activity, that is, wire fraud as alleged in Count 1 of this Indictment.

All in violation of Title 18, United States Code, Section 1957.

## FIRST FORFEITURE ALLEGATION

1.      Upon conviction of either wire fraud offense alleged in Counts 1 and 2 of this

Indictment or conviction of the bank fraud offense alleged in Count 3 hereof, defendant shall

forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) any

property, real or personal, which constitutes or is derived from proceeds traceable to the offense,

including but not limited to a money judgment for a sum of money equal to the amount of

property involved in or derived from that offense.

2.      If the above-described forfeitable property, as a result of any act or omission of

defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without
        difficulty;

///

**Indictment**                                                                  **Page 9**

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21

U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

## SECOND FORFEITURE ALLEGATION

3.       Upon conviction of the money laundering offense alleged in Count 4 of this

Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1) any and

all property, real or personal, involved in or derived from said offense and all property traceable

to such property, including but not limited to a money judgment for a sum of money equal to the

amount of property involved in or derived from that offense.

4.       If the above-described forfeitable property, as a result of any act or omission of

defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided without

difficulty;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Indictment**                                                                                   **Page 10**

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: May 17, 2022                                        A TRUE BILL.

                                                          ████████████████████
                                                          OFFICIATING FOREPERSON

Presented by:

SCOTT ERIK ASPHAUG
United States Attorney

RYAN W. BOUNDS, OSB #00012
Assistant United States Attorney

Indictment                                                                    **Page 11**

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Oregon

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 3:22-cr-00184-SI |
| MICHAEL JAMES DEFREES | ) | |
| | ) | |
| | ) | |
| | ) | |
| _Defendant_ | ) | |

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
_(name of person to be arrested)_   Michael James Defrees                                                                              ,
who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

Wire Fraud
Bank Fraud
Money Laundering

Date:  05/17/2022

                                                                          _s/D. Norris_
                                                                          _Issuing officer's signature_

City and State:     Portland, Oregon

                                                                          **D. Norris, Deputy Clerk**
                                                                          _Printed name and title_

| Return |
|---|
| This warrant was received on _(date)_ _____ , and the person was arrested on _(date)_ _____ at _(city and state)_ _____ . |
| Date: _____ |
| _Arresting officer's signature_ |
| _Printed name and title_ |